INDEPENDENCE LIFE INSURANCE
COMPANY IN LIQUIDATION

v.

Walter F. CLAWSON and
Clawson & Overdyke.

CIV.A. No. 97–200–B–M2.

United States District Court,
M.D. Louisiana.

Feb. 23, 1998.

Judy Cockerham, Louisiana Dept. of Revenue & Taxation, Mazie LeDeaux Doomes, Louisiana Dept. of Justice, Baton Rouge, LA, for Independence Life Insurance Company in Liquidation.

Walter F. Clawson, Shreveport, LA, Pro se.

## RULING

POLOZOLA, District Judge.

This matter is before the Court on a motion to remand filed by James H. "Jim" Brown, Commissioner of Insurance for the State of Louisiana ("Commissioner"), in his capacity as Liquidator of Independence Life Insurance Company ("Independence Life"). For reasons which follow, the motion to remand is GRANTED.

### OVERVIEW

The defendants removed this case pursuant to 28 U.S.C. § 1334(b), from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Defendants claim that the federal court has subject matter jurisdiction under § 1334(b) which provides as follows:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

### FACTS

The facts leading up to this suit are not in dispute. Independence Life was placed in rehabilitation on April 6, 1990. In August, 1993, while Independence Life was in rehabilitation, the Commissioner and the State Attorney General's Office entered into a contract with Walter F. Clawson and Overdyke & Clawson ("Clawson") to recover indebtedness owed to Independence Life by Thomas L. Arnold ("Arnold") and Warren N. Moore ("Moore"). Arnold and Moore are judgment debtors who filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Western District of Louisiana in 1992 and 1993, respectively. Subsequent to Arnold and Moore's Chapter 7 discharges being granted, the Commissioner discovered that certain valuable immovable property belonging to Arnold and Moore had been transferred prior to the time they filed for bankruptcy. Further, the Commissioner found that the Department of Insurance had not

been listed as a creditor in either the Arnold or Moore bankruptcy estates. Thereafter, the Commissioner employed Clawson as counsel to recover indebtedness owed to Independence Life by Arnold and Moore under an agreement whereby Clawson would receive $75.00 per hour or 25% of the total recovery, whichever was greater.

In April, 1995, it became apparent the bankruptcy court would not allow Independence Life, as an individual unsecured creditor, to bring a cause of action against the Arnold and Moore bankruptcy estates. In order to protect all the unsecured creditors, and not just Independence Life, the bankruptcy court appointed Clawson on May 2, 1995 as the trustees' special counsel in order to pursue the trustees' remedies on behalf of all the unsecured creditors of the Arnold and Moore bankruptcy estates. At this time, the Commissioner and Clawson entered into a separate agreement for the payment of fees, and the terms of this second agreement are in dispute.[1] Clawson received $34,566.33 from the Commissioner under the first agreement, and $50,000 from the trustees of bankruptcy estates of Arnold and Moore as compensation for his work as special counsel.[2] The Commissioner argues that, based on the terms of the second agreement, Clawson must refund the $34,566.33 of fees previously paid by the Commissioner. Clawson disputes the Commissioner's interpretation of the second agreement. He contends that he is entitled to retain the $34,566.33 fee. As stated above, the issue before the Court is whether the Court has subject matter jurisdiction to hear this dispute.

## ANALYSIS

In order to determine whether jurisdiction exists under § 1334(b), the Court need only determine whether a matter is at least "related to" the bankruptcy.[3] As explained by the Fifth Circuit,

> a matter is "related to" the bankruptcy case for § 1334 purposes if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Moreover, "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankrupt estate." Conversely, the bankruptcy court has no jurisdiction over a matter that does not affect the debtor.[4]

In addition, "courts have held that a third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate."[5]

The evidence in this case reveals that the Commissioner's suit to recover fees paid to Clawson does not arise under, in and is not related to a Title 11 case. This suit involves a dispute over the meaning of the second agreement between the Commissioner and Clawson in his individual capacity. In short, this case is nothing more than a state law contract dispute between two parties. Furthermore, it is clear that the Commissioner has not filed suit against Clawson in his capacity as special counsel to the bankruptcy trustees. Moreover, the outcome of this proceeding can not conceivably have any effect on the bankruptcy estates of either Arnold or Moore. Neither does the outcome of this case alter the rights, liabilities, options, freedom of action, or the handling and administration of the bankruptcy estates of Arnold or Moore. Therefore, the Court finds that

---

1. The Commissioner contends the second agreement called for the Commissioner to continue to pay Clawson on an hourly basis and, in the event of a recovery, Clawson would reimburse the Commissioner for fees paid to Clawson by the Commissioner, up to but not exceeding the amount of the contingency fees paid by the bankruptcy estates of Arnold and Moore. Clawson asserts he is entitled to keep both the fees paid by the Commissioner and the fees paid by the trustees of the bankruptcy estates of Arnold and Moore.

2. Payment of the $50,000 fee was approved by the bankruptcy court.

3. *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (citing *In re Walker*, 51 F.3d 562, 568–69 (5th Cir.1995) and *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987)).

4. *Zale Corp.*, 62 F.3d at 752 (citations omitted).

5. *Zale Corp.*, 62 F.3d at 753 (citations omitted).

§ 1334(b) does not apply under the facts of this case. Since the Court lacks subject matter jurisdiction in this case, this suit must be remanded to state court.

The Commissioner's request for attorneys fees incurred in filing a motion to remand is denied. The facts of this case do not justify an award of attorneys fees and costs because the case was improperly removed from state court.

Therefore:

IT IS ORDERED that the plaintiff's motion to remand be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the Commissioner's request to assess just costs, actual expenses and attorney fees against Clawson be and it is hereby DENIED.

Judgment shall be entered remanding this suit to the Nineteenth Judicial District Court pursuant to 28 U.S.C. § 1447(d).